**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BENITO ROBERTO OTERO RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-1037-SPM |
| | ) | |
| RIVER CEMENT CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint and for Joinder of Additional Defendant. (Doc. 13). In the motion, Plaintiff seeks leave to amend the Complaint to join Platinum Specialty Services, Inc. ("Platinum") as a defendant. Plaintiff asserts that Platinum is responsible for two negligent actions Plaintiff originally alleged against Defendant River Cement Co. ("RCC") and is liable for the damages Plaintiff sustained. Plaintiff also asserts that joinder of Platinum is proper under Rule 19(a)(1) because without joining Platinum in this instant action, the Court cannot accord complete relief among the parties. Plaintiff states that Plaintiff only learned of the identity of Platinum through communications with Defendant RCC after his Complaint was filed. Plaintiff attaches a proposed First Amended Complaint to the motion. The time for Defendant RCC to file a response has expired, and no response has been filed.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 19(a)(1), "A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction

– 1 –

must be joined as a party if: (A) in that person's absence, the court in that person's absence, the court cannot accord complete relief among existing parties . . . ."

Based on the present state of the pleadings, it is unclear whether joinder of Platinum is proper under Rule 19. Jurisdiction in this removed action is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). If Platinum is a citizen of the same state as Plaintiff, its joinder will destroy this Court's subject matter jurisdiction, and the Court will need to determine the appropriate course of action in light of that fact. *See, e.g.*, *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307-08 (8th Cir. 2009) ("When an action is removed from state to federal court, and 'after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court.'" (quoting 28 U.S.C. § 1447(e)). If, on the other hand, Platinum is not a citizen of the same state as Plaintiff, the Court sees no barrier to joinder.

In the Proposed First Amended Complaint, Plaintiff does not adequately allege the citizenship of Platinum. For purposes of diversity jurisdiction, a corporation is a citizen of every state where it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff alleges that Platinum has its principal place of business in Georgia, but Plaintiff does not allege the state of incorporation of Platinum. Thus, although it is clear that Platinum is a citizen of the state of Georgia, it is unclear whether Platinum is also a citizen of another state where it is incorporated.

A review of the pleadings also reveals deficiencies in the pleading of the citizenship of the existing parties. Plaintiff alleges in the original Petition and in the Proposed First Amended Complaint that he is a "an individual residing in the State of Texas." Pet'n, ¶ 2; Proposed 1st Am. Compl., ¶ 2. In the Notice of Removal, Defendant RCC alleges that "Ramirez is deemed a citizen only of Texas because he resides in Fort Worth, Texas." Notice of Removal, ¶ 8. But the Eighth

Circuit has held that "the term 'citizen' in 28 U.S.C. § 1332 has long meant something different from 'resident'" and that "[a] complaint or notice of removal resting on residency, then, will not establish citizenship for diversity jurisdiction." *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017). The Eighth Circuit has also noted that a person "could . . . . be a resident of multiple states," but "may be a citizen of just one state." *Id.* Thus, contrary to Defendant RCC's statement in the Notice of Removal, the fact that Plaintiff is a resident of Texas does not show that he is a citizen of Texas. Finally, the Court notes that neither the Proposed First Amended Complaint, the original Petition, nor the Notice of Removal contains an explicit allegation regarding the state of incorporation of Defendant RCC.

The Court acknowledges that Plaintiff alleges in the Proposed Amended Complaint that it "does not share citizenship" with Platinum or Defendant RCC. However, that conclusory allegation is not sufficient to show diversity of citizenship, especially in light of the deficiencies in the factual allegations regarding citizenship articulated above.

For all of the above reasons, the Court will deny Plaintiff's motion for leave to amend the Complaint without prejudice and will give Plaintiff a brief period in which to file a renewed motion, along with a proposed amended complaint that addresses the deficiencies in jurisdictional allegations addressed above. The Court further notes that if Plaintiff does not file such a motion, the Court may enter an order requiring Defendant RCC to file an Amended Notice of Removal addressing the jurisdictional allegations set forth above or to otherwise show cause why this case should not be remanded for lack of subject matter jurisdiction.

For all of the above reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Complaint and for Joinder of Additional Defendant (Doc. 13) is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file a new motion for leave to amend its complaint and to join Platinum, Plaintiff shall file that motion no later than **fourteen (14) days** from the date of this order.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of January, 2023.