UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENITO ROBERTO OTERO RAMIREZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22-CV-1037-SPM |
| RIVER CEMENT CO., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint and for Joinder of Additional Defendant. (Doc. 16). For the following reasons, the motion will be granted.

### I. Background

In the instant motion, Plaintiff seeks leave to amend the Complaint to join Platinum Specialty Services, Inc. ("Platinum") as a defendant. Plaintiff asserts that Platinum is responsible for two negligent actions Plaintiff originally alleged against Defendant River Cement Co. ("RCC") and is liable for the damages Plaintiff sustained. Plaintiff states that Plaintiff only learned of the identity of Platinum only after his Complaint was filed. Plaintiff also asserts that joinder of Platinum is proper under Rule 19(a)(1) because without joining Platinum in this instant action, the Court will be unable to accord complete relief among the parties. Plaintiff also argues that the inclusion of Platinum will not defeat this Court's subject matter jurisdiction.

Plaintiff attaches a proposed First Amended Complaint to the motion. The time for Defendant RCC to file a response has expired, and no response has been filed.

– 1 –

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 19(a)(1), "A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties . . . ." Fed. R. Civ. P. 19(a)(1).

The Court first addresses whether the joinder of Platinum would deprive the Court of subject matter jurisdiction. The Court denied without prejudice Plaintiff's prior motion to amend the complaint and join Platinum as a defendant because it found that various deficiencies in the jurisdictional allegations made it impossible to determine whether the addition of Platinum as a defendant would deprive the Court of subject matter jurisdiction. In the instant motion, Plaintiff has addressed those deficiencies, and the Court finds that joinder of Platinum will not defeat this Court's subject matter jurisdiction. Jurisdiction in this removed action is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). According to the First Amended Complaint, Plaintiff is a citizen of Mexico who is domiciled in Texas, Defendant River Cement Co. is a citizen of Pennsylvania and Delaware (being incorporated in Delaware and having its principal place of business in Pennsylvania), and Defendant Platinum is a citizen of Missouri and Georgia (being incorporated in Missouri and having its principal place of business in Georgia). Under § 1332(a)(2), this Court has jurisdiction over which gives the Court jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between "the citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are

domiciled in the same State." Here, Plaintiff is a citizen of Mexico, domiciled in Texas. None of the defendants, including Platinum, is a citizen of either Mexico or Texas. Thus, joinder of Platinum will not defeat the Court's subject matter jurisdiction.

The Court also finds that for the reasons stated in Plaintiff's motion and memorandum regarding Platinum's responsibility for some of the negligent actions alleged against Defendant RCC, the Court would not be able to accord complete relief in the absence of Platinum, and thus joinder is proper under Rule 19(a)(1). The Court also finds that justice requires granting leave to amend the complaint under Rule 15(a)(2).

For all of the above reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Complaint and for Joinder of Additional Defendant (Doc. 16) is **GRANTED.**

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of April, 2023.